UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

RACHEL LOUISE MILLER and
AYANA JONES,

       Plaintiffs,

v.                                      CIVIL ACTION NO. 5:23-cv-00453

UNITED STATES OF AMERICA,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are Plaintiffs Rachel Louise Miller and Ayana Jones's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) [Doc. 40], filed June 24, 2024, and Amended Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) [Doc. 44], filed July 3, 2024.[1] The United States responded to Plaintiffs' Amended Motion on July 17, 2024 [Doc. 45]. The matters are ready for adjudication.

I.

On June 26, 2023, Plaintiffs instituted this action against the United States by filing a combined pro se complaint. [Doc. 1]. Plaintiffs then retained counsel and filed the operative Amended Complaint on August 11, 2023. [Doc. 6]. The claims are as follows: Count I – Wrongful Release of Medical Records and Mental Health Records; Count II – Retaliation; Count III –

---

[1] The Court notes in both their original Motion and Amended Motion, Plaintiffs "request[] a further stay of the duration of these proceedings until such time as the Court reconsiders the same." [Doc. 40 at 1; Doc. 44 at 1]. Inasmuch as Plaintiffs failed to show good cause, a stay is unjustified.

Intentional/Negligent Infliction of Emotional Distress; Count IV –Negligent Supervision; Count V – Negligent Training; and Count VI – Negligent Hiring. [Id. at 13–20 ¶¶ 65–100]. Plaintiffs request damages for physical pain and suffering, mental and emotional anguish, medical expenses, and loss of enjoyment of life. [Id. at 20 ¶ 102].

On October 12, 2023, the United States moved to dismiss the Amended Complaint. [Doc. 11]. On June 6, 2024, the Court granted in part and denied in part the United States' motion. [Doc. 37]. Specifically, the Court dismissed (1) Count II with respect to Plaintiffs' claims they were refused medical and dental care contrary to their benefit entitlement, (2) Count II with respect to Plaintiffs' claims for retaliation by discrimination and harassment, and (3) Counts III through VI in their entireties. [*Id.* at 23].

In reaching its decision, the Court determined that it lacked subject matter jurisdiction over Plaintiffs' claim they were refused medical and dental care contrary to their benefit entitlement pursuant to the Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988). [*Id.* at 18–19]. The Court noted, however, the VJRA "does not preclude the Court from making 'independent findings of fact and conclusions of law' in [Federal Tort Claims Act ("FTCA")] proceedings, so long as the adjudication of the FTCA claim does 'not affect the validity of a plaintiff's . . . benefits awards.'" [*Id.* at 19 (quoting *Butler v. United States*, 702 F.3d 749, 755 (4th Cir. 2012))]. With respect to Plaintiffs' claims of retaliation by discrimination and harassment, the Court found "Plaintiffs failed to make the requisite initial presentation to the [United States Department of Veterans Affairs ("VA")] before" bringing suit in federal court. [*Id.* at 20–22].

On June 24, 2024, Plaintiffs moved the Court "for an Order granting them relief from the Judgment, specifically, the Memorandum Opinion and Order on Motion to Dismiss dated

June 6, 2024." [Doc. 40 at 1]. On July 3, 2024, Plaintiffs amended their motion. [Doc. 44]. Plaintiffs seek "reconsideration of the VJRA's applicability to Plaintiffs' retaliation claim that the [Beckley Veterans Affairs Medical Center ("BVAMC")] refused medical and dental care contrary to their benefit award." [*Id.* at 1]. Plaintiffs maintain "that this specific cause of action was not requesting the Court review the grant of their benefits," but to instead "show that bias and retaliation existed[,] and . . . seek redress as to the retaliation as it took many different forms throughout the BVAMC and was designed to frustrate the process for Plaintiffs in pursuing their relief and exhausting all administrative remedies as required." [*Id.* 44 at 1–2]. Plaintiffs further contend they should be exempted from the FTCA's administrative exhaustion requirement. [*Id.* at 5–6].

On July 17, 2024, the United States responded, urging the Court to deny Plaintiffs' motion because *Federal Rule of Civil Procedure* 60(b) is an improper vehicle for seeking reconsideration of the Court's June 6, 2024, Order. [Doc. 45 at 1]. Alternatively, the United States contends Plaintiffs failed to identify any "basis for disturbing the Court's ruling on" the applicability of the VJRA and Plaintiffs' failure to exhaust administrative remedies. [*Id.* at 8–10].

## II.

At the outset, the Court notes Plaintiffs have filed their motion pursuant to *Federal Rule of Civil Procedure* 60(b). Rule 60(b) provides,

> *Grounds for Relief from a Final Judgment, Order, or Proceeding.* On motion and just terms, the court may relieve a party or its legal representative from a ***final*** judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

*Id.* (second emphasis added).

        "Rule 60(b) affords relief only from a judgment, order, or proceeding which is *final.*" *Fayetteville Inv'rs v. Com. Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) (emphasis in original); *see also* Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule . . . ."). Final orders adjudicate and resolve all claims as to all parties. Fed. R. Civ. P. 54(b); *see also Kiviti v. Bhatt*, 80 F.4th 520, 530 (4th Cir. 2023) ("[A]n order dismissing fewer than all the claims against a defendant is not final."). Plaintiffs, however, seek relief from the Court's June 6, 2024, Order granting in part and denying in part the United States' Motion to Dismiss. Because that Order dismissed only some of Plaintiffs' claims, it was not a final order. Accordingly, Rule 60(b) is inapplicable.

        Rather than deny the motion because it cites to Rule 60(b), the Court will construe Plaintiffs' Rule 60(b) motion as a Rule 54(b) motion to reconsider. *Fayetteville Inv'rs*, 936 F.2d at 1469–70. Rule 54(b) governs "any order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Pursuant to this rule, an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Fayetteville*

4

*Inv'rs*, 936 F.2d at 1469 ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment.").

The power to reconsider or modify interlocutory orders is "committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge")). That discretion is not subject to the "heightened standards for reconsideration" governing final orders. *Am. Canoe*, 326 F.3d at 514–15; *see also Fayetteville Inv'rs*, 936 F.2d at 1473 ("Interlocutory orders . . . are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires." (internal quotation marks omitted)). Rather, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (alteration in original) (quoting *Am. Canoe*, 326 F.3d at 515). While this standard is similar to that applicable to Rule 59(e) motions,[2] "it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of 'new evidence not available at trial.'" *Id.* (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

---

[2] Rule 59(e) allows a court to alter or amend a final judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (internal quotation marks omitted).

### III.

#### A.   *Applicability of the VJRA*

Plaintiffs seek "reconsideration of the VJRA's applicability to Plaintiffs' retaliation claim," contending "this specific cause of action was not requesting the Court review the grant of their benefits, but rather to show that bias and retaliation existed . . . ." [Doc. 44 at 1]. The Court determined it lacked subject matter jurisdiction over Plaintiffs' claim to the extent they alleged medical and dental care was refused contrary to their benefit entitlement. [Doc. 37 at 19]. The Court's authority to assess whether "bias and retaliation existed" based on alleged retaliatory acts straying outside the purview of the VJRA remains unaffected by its previous ruling regarding the VJRA's application to this case. Inasmuch as Plaintiffs concede they are "not requesting the Court review the grant of their benefits," [Doc. 44 at 1], there is no contradiction between the Court's Order and the relief Plaintiffs seek.

#### B.   *The FTCA's Exhaustion Requirement*

With respect to Plaintiffs' claims for retaliation by discrimination and harassment, the Court determined Plaintiffs failed to exhaust those claims. [Doc. 37 at 21–22]. Specifically, the Court found that while Plaintiffs did make a claim for "retaliation" to the VA, the only retaliatory act alleged was the unlawful disclosure of Plaintiffs' medical records. [*Id.* ("Nowhere in the filings [Plaintiffs] submitted to the VA [did] Plaintiffs assert claims of retaliation via discrimination or harassment.")].

Plaintiffs devote considerable space in their motion to regurgitating the allegations of retaliation tendered in the Amended Complaint [Doc. 6] and Plaintiff's Opposition to the United

States' Motion to Dismiss [Doc. 17]. [Doc. 44 at 22–5]. Plaintiffs do not, however, submit any new evidence to support the allegations, note a change in applicable law, nor explain how the Court's prior ruling constitutes clear error causing manifest injustice. Rather, Plaintiffs attempt to justify their failure to exhaust by claiming, "the retaliation that took many different forms throughout the BVAMC [was] designed to frustrate the processes for Plaintiffs in pursuing their relief and exhausting all administrative remedies as required," thereby denying Plaintiffs due process. [Doc. 44 at 5]. Despite these contentions, the fact remains that Plaintiffs' have failed to provide the Court with any evidence demonstrating they presented a claim for retaliation by discrimination or harassment for administrative adjudication. To the extent Plaintiffs now assert a deprivation of due process during the administrative claim process, any alleged constitutional violation is separate and apart from Plaintiffs' FTCA claims, and the Amended Complaint makes no reference to any such claim.

      Plaintiffs further contend they should be excused from the FTCA's administrative exhaustion requirement, citing two cases from the Supreme Court of the Philippines[3] that neither bind this Court nor discuss the FTCA. [Doc. 44 at 5–6]. Inasmuch as Plaintiffs cite these cases to support their assertion that exhaustion "would be futile," our Court of Appeals has declined to read a futility exception into the exhaustion requirement of the FTCA. *Liu v. U.S. Citizenship & Immigr. Servs.*, 317 F. App'x 361, 362 (4th Cir. 2009) ("A court may 'not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.'" (quoting *Booth v. Churner*, 532 U.S. 731, 741 n. 6, (2001))); *Howard v. Milam,* 1990 WL 74309 at *4 (4th Cir. May 10, 1990) (rejecting argument that exhaustion requirement should be waived as futile for

---

[3] *See Castro v. Gloria*, G.R. No. 132174 (Aug. 20, 2001) (Phil.), https://elibrary.judiciary.gov.ph/thebookshelf/showdocs/1/52533; *Cartes v. Bartolome*, G.R. No. L-46629 (Sept. 1, 1980) (Phil.), https://lawphil.net/judjuris/juri1980/sep1980/gr_46629_1980.html.

being "flatly inconsistent with Congressional intent behind the [FTCA's] exhaustion requirement"). Accordingly, Plaintiffs have failed to present any new information warranting reconsideration of the Court's June 6, 2024, Order.

IV.

Based upon the foregoing discussion, Plaintiffs' Motion for Relief from Judgment [**Doc. 40**] and Amended Motion for Relief from Judgment [**Doc. 44**] are **DENIED**.

The Clerk is **DIRECTED** to transmit a copy of this written opinion and order to all counsel of record and to any unrepresented party.

ENTER:     September 23, 2024

Frank W. Volk
Chief United States District Judge