IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

RACHEL LOUISE MILLER and
AYANA JONES,

           Plaintiffs,

v.                                         CIVIL ACTION NO. 5:23-cv-00453

UNITED STATES OF AMERICA

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are Plaintiffs Rachel Louise Miller and Ayana Jones' Motion for Reconsideration[1] Pursuant to Fed. R. Civ. P. 54(b) [ECF 64], filed October 31, 2024. The United States responded on November 14, 2024, [ECF 66], and Plaintiffs replied on November 26, 2024, [ECF 67]. The matter is ready for adjudication.

**I.**

On June 26, 2023, Plaintiffs instituted this Federal Tort Claims Act ("FTCA") action against the United States by filing a combined pro se complaint. [ECF 1]. They then retained counsel and filed the operative Amended Complaint on August 11, 2023. [ECF 6]. The claims are as follows: Count I – Wrongful Release of Medical Records and Mental Health Records, Count II – Retaliation, Count III – Intentional/Negligent Infliction of Emotional Distress, Count IV – Negligent Supervision, Count V – Negligent Training, and Count VI – Negligent Hiring. [*Id.* at ¶¶

---

[1] Originally styled: "Plaintiffs Motion for Reconsideration Pursuant to Rule 54(b) Motion to Reconsider and/or Alter/Amend Judgment. & The Plaintiffs' Motion of Opposition to 12(b)(6)" [ECF 64].

65–100]. Plaintiffs request damages for physical pain and suffering, mental and emotional anguish, medical expenses, and loss of enjoyment of life. [*Id*. at ¶ 102].

On October 12, 2023, the United States moved to dismiss the Amended Complaint. [ECF 11]. On June 6, 2024, the Court granted in part and denied in part the United States' motion. [ECF 37]. Specifically, the Court dismissed (1) Count II with respect to Plaintiffs' claims they were refused medical and dental care contrary to their benefit entitlement, (2) Count II with respect to Plaintiffs' claims for retaliation by discrimination and harassment, and (3) Counts III through VI in their entireties. [*Id*. at 23].

In reaching its decision, the Court concluded it lacked subject matter jurisdiction over Plaintiffs' claim that they were refused medical and dental care contrary to their benefit entitlement pursuant to the Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988). [*Id.* at 18–19]. The Court noted, however, the VJRA "does not preclude the Court from making 'independent findings of fact and conclusions of law' in [Federal Tort Claims Act ("FTCA")] proceedings, so long as the adjudication of the FTCA claim does 'not affect the validity of a plaintiff's . . . benefits awards.'" [*Id.* at 19 (quoting *Butler v. United States*, 702 F.3d 749, 755 (4th Cir. 2012))]. With respect to Plaintiffs' claims of retaliation by discrimination and harassment, the Court found "Plaintiffs failed to make the requisite initial presentation to the [United States Department of Veterans Affairs ("VA")] before" bringing suit in federal court. [*Id.* at 20–22]. Finally, the Court dismissed Plaintiffs' claims of intentional infliction of emotional distress, negligent supervision, and negligent training for failure to exhaust administrative remedies. [*Id.* at 22–23].

On October 31, 2024, Plaintiffs moved for reconsideration. [ECF 64]. Plaintiffs request reconsideration of the dismissal of "Count II-V of the Complaint, which alleges

Retaliation, Intentional/Negligent Infliction of Emotional Distress and Harm, and Negligent Supervision against the Department of Veterans Affairs and its officials." [ECF 64 at 1]. Plaintiffs assert three grounds for reconsideration:

1. **Newly Discovered Evidence**: Significant evidence has emerged confirming that Dr. Younis continues to possess the Plaintiffs' complete medical, mental health, and dental records, despite no longer being employed by the VA. The VA has not taken adequate measures to recover these records or mitigate the risks associated with their potential misuse (Exhibit A)

2. **Legal Interpretation:** The dismissal appears to misinterpret key legal standards regarding retaliation, emotional distress, and negligent supervision. The evidence suggests that the VA's failure to act on the wrongful disclosures, combined with retaliatory actions that hindered the Plaintiffs' access to care, supports these claims.

3. **Addressing Legal Standards:** The Court's Order did not fully consider the VA's responsibilities under HIPAA and the implications of the wrongful release of medical records, which are central to the claims of emotional distress and negligent supervision.

[*Id.* at 1–2]

On November 14, 2024, the United States responded, urging the Court to deny Plaintiffs' motion for numerous reasons. [ECF 66]. First, the United States contends that the Plaintiffs neither provide any "substantially different evidence" nor cite "any change in applicable law" affecting the challenged disposition. [*Id*. at 6, 10]. Second, the United States asserts that Plaintiff's second ground for reconsideration is without merit inasmuch as the Court "need not examine the substantive law underlying the claims for emotional distress and negligent supervision," as those claims were dismissed for failure to exhaust administrative remedies. [*Id.* at 5]; [ECF 37 at 20–23]. Third, the United States asserts Plaintiff's claim that the Court failed to "fully consider the VA's responsibilities under HIPAA and the implications of the wrongful release of medical records," [ECF 64 at 2], should be rejected, as it is "completely irrelevant to whether the claims of emotional distress and negligent supervision were administratively

exhausted." [ECF 66 at 6]. Respecting Plaintiffs' contentions about the futility of administrative exhaustion, the United States notes Plaintiffs offer little support for reconsideration. [*Id.* at 9].

## II.

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). With that being said, the pleadings of pro se litigants are read in a "liberal fashion" and are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The United States Court of Appeals for the Fourth Circuit has recognized that "the general Rule 54(b) standard applies when a district court is asked to revisit a decision denying a motion to dismiss for failure to state a claim." *Phoenix v. Amonette*, 95 F.4th 852, 857 (4th Cir. 2024) (citing *Nadendla v. WakeMed* 24 F.4th 299, 303–04 (4th Cir. 2022)). Rule 54(b) provides "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge").

Our Court of Appeals has distinguished this approach from the more rigorous standards applicable under Rule 59(e) or Rule 60(b), which govern post-trial or post-judgment reconsideration, explaining that Rule 54(b) "involves broader flexibility" to account for new facts and arguments as the litigation unfolds. *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir.

4

2017); *Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514–15 (4th Cir. 2003).

### III.

A. ***Lack of Subject Matter Jurisdiction***

In the June 2024 Memorandum Opinion and Order, the Court dismissed for lack of subject matter jurisdiction Count II relating to Plaintiffs' allegations that BVAMC "refused medical and dental care contrary to their benefit entitlement." [ECF 37 at 18–19]. Plaintiffs seek reconsideration for: (1) newly discovered evidence, (2) incorrect legal interpretations, and (3) error in addressing legal standards. [ECF 64 at 1–2]. There is no basis for reconsideration.

The Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988), contains a specialized, multi-tiered evaluation process for the adjudication of veterans' benefits claims. It requires the Secretary of the Veterans' Administration to decide "all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). Subject to some exceptions not relevant here, *see id.* § 511(b), the Secretary's decisions are "final and conclusive and may not be reviewed by any other official or by any court" beyond the statutorily prescribed appeals process. *Id.* § 511(a). As our Court of Appeals has explained, "federal district courts lack jurisdiction to review VA decisions that 'affect the provision of the benefits awarded by the VA.'" *Hairston v. DVA, Reg'l VA Off. Martinsburg*, 841 F. App'x 565, 569–70 (4th Cir. 2021) (unpublished opinion) (quoting *Butler v. United States*, 702 F.3d 749, 753 (4th Cir. 2012)).

The Plaintiffs alleged that BVAMC "refused medical and dental care contrary to their benefit entitlement." The Court has no authority to address that putative error or omission. The matter falls squarely within the scope of the Veterans' Judicial Review Act.

5

Accordingly, the Court **DENIES** the Plaintiffs' Motion for Reconsideration as it pertains to Count II, specifically regarding the Plaintiffs' allegations of refusal of medical and dental care in violation of their benefit entitlement.

B.   *Failure to Exhaust: Count II, in part, and Counts III through V*

In the June 2024 Memorandum Opinion and Order, the Court also dismissed Count II, as it relates to the Plaintiffs' allegations of discrimination and harassment, and Counts III through V, in their entireties, for failure to exhaust administrative remedies. [ECF 37 at 21, 23]. In their Motion for Reconsideration, the Plaintiffs assert that the exhaustion requirement must yield here to the doctrine of futility. [ECF 64 at 2]. Specifically, the Plaintiffs contend that "the General Counsel responsible for adjudicating their complaints is the same entity implicated in the wrongful acts, including denying due process and releasing sensitive records." [*Id.* at 4]. They assert exhaustion would be futile in this scenario, as there is "an inherent conflict of interest, undermining the likelihood of achieving an impartial resolution through administrative channels." [*Id.*].

The FTCA is an express waiver of sovereign immunity, which permits individuals to sue the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). It "gives federal district courts exclusive jurisdiction over claims . . . for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of a [United States employee] 'acting within the scope of his office or employment.'" *Millbrook v. United States*, 569 U.S. 50, 52 (2013) (quoting 28 U.S.C. § 1346(b)(1)).

A precondition to bringing suit, however, is that aggrieved parties must first exhaust

their administrative remedies by making an "initial presentation of a claim to the appropriate federal agency within two years of the accrual of the cause of action." *Gould v. U.S. Dep't of Health & Hum. Servs.*, 905 F.2d 738, 741 (4th Cir. 1990) (citing 28 U.S.C. §§ 2401(b), 2675(a)); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). A final denial by the appropriate agency is "a jurisdictional prerequisite to suit." *Gould*, 905 F.2d at 741. A plaintiff may exhaust by filing a "Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident" with the appropriate federal agency. 28 C.F.R. § 14.2(a).

Our Court of Appeals has emphasized that the FTCA's administrative exhaustion requirement is to be strictly adhered to and has also declined to read a futility exception into the exhaustion requirement of the FTCA. *See Est. of Van Emburgh by & through Van Emburgh v. United States*, 95 F.4th 795, 800 (4th Cir. 2024); *Liu v. U.S. Citizenship & Immigr. Servs.*, 317 F. App'x 361, 362 (4th Cir. 2009) (unpublished opinion); *Howard v. Milam*, No. 88-2966, 1990 WL 74309 at *4 (4th Cir. May 10, 1990) (unpublished opinion). Indeed, our Court of Appeals has noted that allowing plaintiffs to avoid the administrative process based on an unsupported allegation of futility would undermine the exhaustion rule. *Volvo GM Heavy Truck Corp. v. U.S. Dep't of Lab.*, 118 F.3d 205, 214 (4th Cir. 1997) (quoting *Thetford Props. IV Ltd. P'ship v. HUD*, 907 F.2d 445, 450 (4th Cir.1990)).

The Court is bound by our Court of Appeals' precedent and declines to recognize a futility exception to the FTCA's exhaustion requirement. Plaintiffs' contrary case law is both non-binding and inapplicable.

Accordingly, the Court **DENIES** the Plaintiffs' Motion for Reconsideration with respect to Count II pertaining to Plaintiffs' allegations of discrimination and harassment and Counts III through V in their entireties.

## IV.

Based upon the foregoing discussion, the Plaintiffs' Motion for Reconsideration [**ECF 64**] is **DENIED**.

The Clerk is **DIRECTED** to transmit a copy of this written opinion and order to all counsel of record and to any unrepresented party.

ENTER:　　　February 21, 2025

Frank W. Volk
Chief United States District Judge