IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RACHEL LOUISE MILLER and
AYANA JONES,

    Plaintiffs,

v.                                              CIVIL ACTION NO. 5:23-cv-00453

UNITED STATES OF AMERICA,

    Defendant.

**ORDER**

      This matter is before the Court on the *Motion to Strike Plaintiff's Surreply* filed by the Defendant, the United States of America ("Defendant") on December 30, 2024. (ECF No. 74). Therein, Defendant seeks an order striking Plaintiffs' reply memorandum (ECF No. 72) filed by Plaintiffs Rachel Miller and Ayana Jones (together, "Plaintiffs"), who are proceeding pro se in this civil action, in support of Plaintiffs' pending motion to compel discovery (ECF No. 68). Defendant argues that striking the surreply—which, though styled as a surreply, is simply a reply to Defendant's response to the motion—is necessary because it exceeds the 20-page limit for memoranda set forth in Rule 7.1(a)(2) of the Court's Local Rules of Civil Procedure and because it was not timely filed in accordance with Local Rule 7.1(a)(7). (ECF No. 74 at 1). Plaintiffs "acknowledge the procedural mistakes made in filing the reply late and in exceeding the page limit," but request that

the Court consider their reply brief in light of the complexity of the issues and their status as pro-se parties. (ECF No. 76).

In light of the Court's preference to resolve matters on the merits, as well as Plaintiffs' status as pro-se parties, the undersigned will consider Plaintiffs' reply brief. Accordingly, Defendant's *Motion to Strike Plaintiff's Surreply* (ECF No. 74) is **DENIED**. However, it is well-established that "even pro se litigants are expected to comply with time requirements and other procedural rules, without which effective judicial administration would be impossible." *Dancy v. Univ. of N.C. at Charlotte*, 3:08-cv-166, 2009 WL 2424039, at *2 (W.D. N.C. Aug. 3, 2009) (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989)). This district's Pro Se Handbook expressly notifies *pro se* litigants that "[i]f you decide to proceed pro se, you will be responsible for learning about and following all the procedures that govern the court process." Pro Se Handbook, at § 2.3 p. 3-4. This means that pro se litigants "are responsible for becoming familiar with and following the Court's local rules and procedures . . . [including] read[ing] the Federal and Local Rules of Procedure and becom[ing] familiar with them" *Id.* at § 4 p. 11. Moreover, "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order . . . and pro se litigants are subject to the same sanctions as licensed attorneys." *Id.* at § 2.3 p. 4.

Moving forward, therefore, Plaintiffs are hereby **NOTIFIED** that they must comply with the filing requirements set forth in this Court's Local Rules of Civil Procedure, including those requirements set forth in Local Rule 7.1, and their failure to do so may result in sanctions. Specifically, briefs exceeding the page limit absent leave of Court will not be considered, and late filings will not be accepted unless supported by good cause or upon an extension of time, sought prior to the filing deadline.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to counsel of record and to any unrepresented party, and to terminate Defendant's motion at ECF No. 74.

        ENTERED: April 25, 2025

        _____
        Dwane L. Tinsley
        United States Magistrate Judge