**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

RACHEL LOUISE MILLER and
AYANA JONES,

Plaintiffs,

v. CIVIL ACTION NO. 5:23-cv-00453

UNITED STATES OF AMERICA

Defendant.

# MEMORANDUM OPINION AND ORDER

Pending are Plaintiffs Rachel Louise Miller and Ayana Jones' *pro se* Objections [ECF 146, 148-1] to the Proposed Findings and Recommendation ("PF&R") entered by the Honorable Dwane L. Tinsley, United States Magistrate Judge, on June 4, 2026. [ECF 144].[1] On June 30, 2026, the Government responded in opposition to Plaintiffs' objections. [ECF 147].

## I.

This action was previously referred to Magistrate Judge Tinsley for submission of a PF&R. Magistrate Judge Tinsley filed his PF&R [ECF 144] on June 4, 2026, in which he

[1] Also pending are Plaintiffs' (1) Motion to Exceed Page Limit [ECF 145], seeking leave to file their objections in excess of the twenty-page limitation, (2) Motion for Leave to File Supplemental Objection Identifying Errors in the Proposed Findings and Recommendation [ECF 148], (3) Notice of Errata and Motion to Substitute Exhibit [ECF 149], seeking to replace Exhibit 131 filed within ECF 104-24 with the corrected exhibit [ECF 149-1] accompanying their motion, and (4) Notice of Errata to the Proposed Supplemental Objection [ECF 150], seeking to correct citation errors set forth in their supplemental objections.

Upon review, and finding no prejudice to the Government, the Court **GRANTS** Motions (1) [**ECF 145**], (2) [**ECF 148**], and (4) [**ECF 150**]. The Court **DENIES AS MOOT** Plaintiffs' third Motion [**ECF 149**] inasmuch as ECF 104 was previously stricken in its entirety by Magistrate Judge Tinsley, thereby negating any need to correct any attachments accompanying the same.

addressed Plaintiffs' remaining claims against the Government under the Federal Tort Claims Act ("FTCA"): (1) Wrongful Disclosure of Medical Records (Count I), and (2) Retaliation (Count II). [*Id.*]. These claims arise from the United States Department of Veterans Affairs' ("VA") denial of dental care and treatment sought by Plaintiffs, two 100% totally and permanently disabled veterans, at the Beckley Veterans Affairs Medical Center ("BVAMC"). [*Id.* at 2].

Plaintiffs' Count I claim is premised on the Government's unauthorized disclosure of Plaintiffs' mental health records to a third-party law firm in response to the firm's request for Plaintiffs' dental records. In a prior Memorandum Opinion and Order adjudicating the Government's Motion to Dismiss, the undersigned characterized Plaintiffs' Count I claim as "a private tort claim for the 'unauthorized release of a patient's medical records' in violation of *West Virginia Code* § 27-3-1." [ECF 37 at 12 (quoting Syl. Pt. 1, *Allen v. Smith*, 179 W. Va. 360, 360, 368 S.E.2d 924, 924 (1988))]. In that same Opinion, the undersigned also narrowed the scope of Plaintiffs' Count II retaliation claim, limiting it to Plaintiffs' assertion that the Government disclosed their medical records in retaliation for prior tort claims brought by Plaintiffs challenging the denial of their dental benefits. [*See id.* at 18-22; *see also* ECF 144 at 37 ("[I]n ruling on Defendant's motion to dismiss as to Count II of Plaintiffs' Amended Complaint, the presiding Chief District Judge left for evidentiary development whether BVAMC disclosed Plaintiffs' mental-health records 'in retaliation for [Plaintiffs'] prior tort claims challenging the denial of their [dental] benefits.'")].

In his detailed and thorough forty-five-page PF&R, Magistrate Judge Tinsley recommended that the Court deny Plaintiffs' renewed Motion for Summary Judgment, grant the Government's Motion to Dismiss and Motion for Summary Judgment, and remove this matter from the docket. [ECF 144 at 44]. Plaintiffs timely objected to the PF&R on June 18, 2026. [ECF

146]. On August 18, 2026, Plaintiffs supplemented their objections [ECF 148-1], which the Court also considers herein.

**II.**

Under *Federal Rule of Civil Procedure* 72(b), "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). A district judge is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In particular, "a general objection . . . is insufficient to avoid waiver." *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (explaining "other circuits have held that the failure to raise an objection sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute waives any appellate review") (internal quotations omitted); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988).

A court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982). When assessing *pro se* objections, a court must "liberally construe [the] objections while maintaining constitutional limitations on a magistrate's authority." *Elijah v. Dunbar,* 66 F.4th 454, 461 (4th Cir. 2023).

**III.**

***A. Plaintiffs' Objections Respecting Count I***

Respecting Plaintiffs' Count I unauthorized disclosure claim, Magistrate Judge Tinsley concluded summary judgment was warranted given Plaintiffs' failure to adduce evidence

demonstrating the outrageousness of the Government's conduct. [ECF 144 at 24-37]. Indeed, Magistrate Judge Tinsley found the BVAMC's improper release of Plaintiffs' medical records amounted to nothing more than mere negligence, as opposed to "harassing, threatening, abusive, or publicly-stigmatizing conduct" sufficient to shock the conscience. [*Id*. at 30]. Specifically, Magistrate Judge Tinsley concluded as follows:

> While a jury could reasonably find that BVAMC's Chief of Health Information Management Services, Catherine Coville, as well as the BVAMC Release of Information Clerk, Patrick Bowling, should have been more careful in their communications regarding the scope of the records to be produced—and that Mr. Bowling's maladroit search-and-retrieval method wherein he merely searched for any record containing the term "dental" was certainly ill-advised and in violation of HIPAA and VA policy—the law is clear that merely negligent behavior does not reach the high bar of outrageous conduct. There is no evidence that Mr. Bowling, Ms. Coville, or any other BVAMC employee believed the disclosure was improper.

[*Id*. at 32].

Magistrate Judge Tinsley went on to emphasize the record was devoid of any evidence that (1) the disclosure was intentional, malicious, or retaliatory, (2) the disclosure had caused Plaintiffs public stigmatization, embarrassment, or ridicule, or (3) the medical records were utilized for any purpose other than the defense of the BVAMC dentist in connection with Plaintiffs' complaint filed with the West Virginia Board of Dentistry. [*See id*. at 30-36]. Instead, Magistrate Judge Tinsley found the record demonstrated the BVAMC released Plaintiffs' medical records under time constraints and the mistaken belief that disclosure was permissible under the ill-advised guidance from the VA Office of General Counsel. He thus concluded, "[w]ithout more, a reasonable juror could not find that [the Government's] conduct, through its employees, was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society," entitling the

Government to summary judgment on Plaintiffs' Count I unauthorized disclosure claim under West Virginia law. [*Id*. at 37 (internal citations and quotations omitted)].

Plaintiffs object to this conclusion on three primary grounds: (1) outrageousness is not an element for their common law unauthorized disclosure claim, (2) even assuming an outrageousness showing is required under West Virginia law, they have adduced sufficient evidence from which a reasonable jury could conclude the BVAMC's conduct surrounding the unauthorized disclosure was outrageous, and (3) Magistrate Judge Tinsley impermissibly resolved factual disputes in the Government's favor in concluding the BVAMC's conduct could not be reasonably construed as outrageous. [*See* ECF 146 at 2-12; ECF 148-1 at 1-6]. Plaintiffs' objections, however, are meritless.

First, in recognizing the existence of a private tort claim for the unauthorized disclosure of medical records, the Supreme Court of Appeals of West Virginia likewise indicated a plaintiff could only succeed on the claim where there is evidence "of conduct so outrageous as to shock the conscience." *Allen*, 179 W. Va. at 364, 368 S.E.2d at 928 (explaining "because of the likelihood of vexatious litigation in a profession that already has more than its fair share of lawsuits, we are reluctant to recognize a general cause of action for the unauthorized disclosure of medical records in the absence of conduct so outrageous as to shock the conscience."). Second, in reviewing the evidentiary record and Magistrate Judge Tinsley's thorough analysis, he accurately noted Plaintiffs failed to adduce sufficient evidence of outrageousness. Though Plaintiffs disagree with the Magistrate Judge's conclusion on this point, their disagreement is rooted in their own subjective interpretation of the evidentiary record which is based on nothing more than speculation and conjecture as opposed to actual, concrete evidence. Simply put, to the extent the unauthorized

disclosure of Plaintiffs' medical records is a cognizable claim in West Virginia, it would require a showing of outrageousness that is patently absent here.

Lastly, West Virginia law makes clear that whether a defendant's conduct can be reasonably construed as outrageous is a question of law decided by the Court. *Loudin v. Nat'l Liab. & Fire Ins. Co.*, 228 W. Va. 34, 43, 716 S.E.2d 696, 705 (2011) (reiterating "that whether conduct may reasonably be considered outrageous is a legal question, and whether conduct is in fact outrageous is a question for jury determination.") (internal citations and quotations omitted). Contrary to Plaintiffs' assertion, at no point in the PF&R did Magistrate Judge Tinsley weigh the evidence or resolve disputes of fact in the Government's favor in concluding Plaintiffs failed to present sufficient evidence to create a genuine issue on the outrageousness of the Government's conduct. [*See, e.g.*, ECF 144 at 33-34 (concluding "Plaintiffs failed to provide evidence from which a reasonable juror could make such a finding without speculating or improperly building one inference upon another.")]. As explained above, the Court agrees that the cumulative record, even when viewed in the light most favorable to Plaintiffs, does not permit a reasonable jury to conclude that the Government's impermissible disclosure was outrageous in nature. There is thus no actionable error present.

***B. Plaintiffs' Objections Respecting Count II***

Respecting Plaintiffs' Count II retaliation claim, Magistrate Judge Tinsley concluded dismissal without prejudice was warranted due to a lack of subject matter jurisdiction inasmuch as West Virginia law fails to recognize retaliation as a freestanding, common law tort under the circumstances herein. [ECF 144 at 37-41; *see also id.* at 40-41 ("Tellingly, Plaintiffs have failed to demonstrate—or even substantively address—Defendant's argument that their retaliation claim is not supported by a tort claim under West Virginia law. Under the

circumstances, Plaintiffs' retaliation claim as set forth in Count II of the Amended Complaint should be dismissed without prejudice for lack of subject matter jurisdiction, and as a result, Defendant's motion for summary judgment[2] should be granted.")]; *Muhammad v. United States*, No. 1:04CV252, 2006 WL 2473424, at *5 (N.D.W. Va. Aug. 25, 2006) ("With regard to the plaintiff's claims of retaliation and discrimination for filing grievances, the undersigned concludes there are no such causes of action in the State of West Virginia."), *aff'd*, 228 F. App'x 265 (4th Cir. 2007); *see also Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001) ("The FTCA does not create a new cause of action; instead, it serves to convey jurisdiction when the alleged breach of duty is tortious under state law, or when the Government has breached a duty under federal law that is analogous to a duty of care recognized by state law.") (internal citations and quotations omitted); *Martin v. United States*, 605 U.S. 395, 409-10 (2025) (explaining "a plaintiff may generally prevail in an FTCA suit by demonstrating that the State in which the alleged misconduct occurred would permit a cause of action for that misconduct to go forward.") (internal citations and quotations omitted).

Alternatively, even assuming a viable claim for retaliation under the FTCA was present, Magistrate Judge Tinsley concluded summary judgment was warranted inasmuch as Plaintiffs "failed to produce evidence from which a reasonable juror could infer a nexus between the [G]overnment's adverse actions and Plaintiffs' constitutionally-protected conduct of bringing complaints against BVAMC based upon the dental care they received at that facility." [ECF 144

[2] Plaintiffs appear to contend this specific conclusion was in error inasmuch as it is impermissible to both "dismiss Count II for lack of subject-matter jurisdiction and grant summary judgment on the merits" in the same instance. [ECF 146 at 18]. In making this recommendation, however, it is apparent Magistrate Judge Tinsley was addressing the Government's Motion to Dismiss Count II, as opposed to its alternative Motion for Summary Judgment on Count II. Simply put, Magistrate Judge Tinsley's reference to Defendant's "motion for summary judgment" was nothing more than an inadvertent scrivener's error, rather than an incorrect legal conclusion.

at 41]. In so doing, the Magistrate Judge concluded Plaintiffs' reliance on the temporal proximity of the unauthorized disclosure in relation to their complaints and the speculative "institutional knowledge" of Plaintiffs' prior claims by VA officials was insufficient to establish the requisite causal connection, rendering summary judgment appropriate. [*Id*. at 43 ("Here . . . Plaintiffs' retaliation claim rests on mere speculation, with no evidence suggesting their prior complaints against BVAMC or VA employees was [sic] a substantial factor motivating the actions of Defendants' employees.")].

Plaintiffs lodge a multitude of objections to both conclusions. [*See, e.g.*, ECF 146 at 19-28]. Reduced to their essence, however, the gravamen of Plaintiffs' objections is that (1) subject matter jurisdiction is present inasmuch as "Count II is not a freestanding tort of retaliation; it is the West Virginia § 27-3-1 disclosure tort proceeding as Count I, committed with retaliatory motive[,]" [*Id*. at 19], and (2) the record evidence demonstrates a triable issue of fact with respect to the Government's retaliatory motive.

Assuming without deciding the Court possesses subject matter jurisdiction over Plaintiffs' retaliation claim, an independent review of the evidentiary record confirms Magistrate Judge Tinsley's conclusion that Plaintiffs failed to adduce sufficient evidence demonstrating that the Government impermissibly disclosed their medical records in retaliation for their prior complaints challenging the denial of their dental benefits. Indeed, without belaboring the point, Plaintiffs contentions to the contrary are based on speculation, conjecture, and bald assertions, all of which are insufficient to create a genuine issue of material fact on their Count II claim. The objection is thus meritless. The Court has also reviewed and considered the remainder of Plaintiffs' objections in their entirety and finds they are equally without merit.

## IV.

Based on the foregoing discussion, the Court **OVERRULES** Plaintiffs' objections [**ECF 146, 148-1**], **ADOPTS** the PF&R [**ECF 144**], **GRANTS** the Government's Motion to Dismiss and Motion for Summary Judgment [**ECF 134**], **DENIES** Plaintiffs' Renewed Motion for Summary Judgment [**ECF 138**], and **REMOVES** this matter from the docket.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: September 29, 2026

Frank W. Volk
Chief United States District Judge